

# Missouri Court of Appeals
## Southern District

### In Division

MATTHEW MISSELHORN,  )
              )
 Claimant-Appellant,  )
              )
v.            )  No. SD38367
              )
DIVISION of EMPLOYMENT  )  **Filed:  September 10, 2024**
SECURITY,       )
              )
 Respondent-Respondent, )
              )
and          )
              )
AEROFIL TECHNOLOGY, INC., )
              )
 Employer.     )

### APPEAL FROM THE LABOR AND
### INDUSTRIAL RELATIONS COMMISSION

### **AFFIRMED**

The Labor and Industrial Relations Commission ("the Commission") denied Matthew Misselhorn ("Claimant") unemployment benefits after it found that he engaged in misconduct connected with his work because he refused to submit to a mandatory drug test.  Claimant claims the Commission erred in that determination because there was no competent sufficient evidence in the record that:  (1) Claimant refused to submit to a drug test, or (2) "Employer had a substance abuse policy that defined a refusal to take a drug

test as a violation of the policy for which an employee was subject to immediate termination." Finding no merit in those claims, we affirm the ruling of the Commission.

## Background

Claimant, an employee of Aerofil Technology, Inc. ("Employer"), worked an overnight shift. Around midnight, Employer noticed that Claimant was slurring his speech and was unable to walk straight while operating equipment. Employer asked Claimant to take a drug test. Employer used an outside drug-testing agency, so Employer told Claimant that it could take up to three hours for them to arrive due to the time of night. Claimant left the worksite without taking the drug test.

Employer had a written drug policy that states Employer has a right to drug-test employees, and an employee's failure to be drug-tested would result in termination. Based upon that policy, Employer terminated Claimant's employment after Claimant failed to take the required test.

On May 24, 2023, the Division of Employment Security determined that Claimant was disqualified from receiving unemployment benefits due to misconduct connected with work. Claimant timely appealed that decision, and the Appeals Tribunal conducted a telephone hearing on August 16, 2023. On October 2, 2023, the Appeals Tribunal affirmed the finding that Claimant had been discharged for misconduct connected with work. Claimant appealed that decision, and on December 12, 2023, the Commission affirmed the decision of the Appeals Tribunal. This appeal timely followed.

## Standard of Review

The Missouri Constitution guarantees the right of judicial review of administrative decisions affecting the substantive rights of individuals. Mo. Const. art. V, § 18. Section 288.210 provides that this constitutional

2

right may be exercised by filing a notice of appeal with the Commission and sets forth the standard of review that courts must apply:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. § 288.210.

*Seck v. Dep't of Transp.*, 434 S.W.3d 74, 78 (Mo. banc 2014). "This Court must defer to the commission's findings on issues of fact, the credibility of the witnesses, and the weight given to conflicting evidence." *Greer v. SYSCO Food Servs.*, 475 S.W.3d 655, 664 (Mo. banc 2015).

**Analysis**

For ease of analysis, we address Claimant's second point first, which claims:

> The Commission erred in determining that [Claimant] was discharged for misconduct connected with his work because there was no sufficient competent evidence in the record to establish that [Claimant] committed misconduct connected with his work by violating Employer's substance abuse policy in that there was no sufficient competent evidence that Employer had a substance abuse policy that defined a refusal to take a drug test as a violation of the policy for which an employee was subject to immediate termination.

We disagree.

In an administrative hearing,

> [r]ecords and documents of the agency which are to be considered in the case shall be offered in evidence so as to become a part of the record, the same as any other evidence, but the records and documents may be considered as a part of the record by reference thereto when so offered[.]

Section 536.070(5).[1] As part of the record in this case, Employer offered – without objection – a copy of Employer's "Substance Abuse Policy Consent Form" ("the Policy") that was signed by both Claimant and Employer. The Policy stated, among other things,

---

[1] Unless otherwise indicated, all statutory citations are to RSMo 2016.

I also agree to allow [Employer] and its agents to collect blood, breath, hair and/or urine specimens from me for testing for alcohol, drug and controlled substances, or any combination thereof, and to conduct other necessary medical, physical, or sobriety tests for this same purpose. . . .

Violations of the policy will be dealt with immediately upon determination that a violation has occurred. Violation of the policy will result in termination.

Thus, the record refutes Claimant's assertion that no competent and substantial evidence supported the Commission's finding that Claimant knew of Employer's drug policy and that violations of it would result in dismissal. Point 2 fails.

Claimant's first point claims:

The Commission erred in determining that [Claimant] was discharged for misconduct connected with his work because there was no sufficient competent evidence in the record to establish that [Claimant] committed misconduct connected with his work by violating Employer's substance abuse policy in that there was no sufficient competent evidence that [Claimant] refused to submit to a drug test.

We, again, disagree.

Claimant argues that any testimony by Employer that he refused to submit to a drug test was not competent and substantial evidence because it was hearsay in that it came from Employer's Human Resources employee, Cherie Key ("Ms. Key"), who admitted that she did not personally witness the conduct in question.

8 CSR 10-5.015 governs appeal hearings in administrative cases, and it provides as follows:

The hearing need not be conducted according to the common law or statutory rules of evidence or the technical rules of procedure. Hearsay evidence is generally admissible. Evidence is admissible if it is not irrelevant, immaterial, privileged or unduly repetitious. Hearsay which is timely objected to shall not constitute competent evidence which, by itself, will support a finding of fact. A party or his/her attorney may advise the hearing officer of a defect in the character of any evidence introduced by voicing an objection. The hearing officer shall rule on the admissibility of

4

all evidence. *Any evidence received without objection which has probative value shall be considered by the hearing officer along with other evidence in the case*[.]

(10)(B)(4) (2024) (emphasis added).

During the hearing, in response to the question of what constituted the final event that led to Claimant's termination, Ms. Key testified:

> The supervisor, the supervisor noticed, um, that [Claimant] was slurr -- slurring his speech, um, that he was having trouble walking straight. Um, so we actually went and, um, got another supervisor to observe. And both of them observed [Claimant] and noticed that something was not right. So they called [Claimant] into the office to speak with him, um, told him that they would need to do a drug and alcohol test on him. We have an outside service that comes to our facility to do those. So it's not something that we could do immediately. Um, [Claimant] refused to do the test. They informed him that refusing would be automatic termination. Um, he still refused to take the test. So he basically was, was walked out.

Claimant objected several times that this testimony was inadmissible hearsay. In response, the Appeals Tribunal noted that certain hearsay testimony would be admissible.

As noted in our analysis of Point 2, Employer submitted records and documents to the Appeals Tribunal without objection by Claimant. Those records included a "General Discharge Questionnaire" that Employer and Claimant both completed after Claimant was discharged. In that document, Employer set forth its version of the events at issue, which included that Claimant was informed that failing to take a drug test would result in termination, that Claimant said he had messed up by taking too many muscle relaxers, and he did not want to go back to prison. In contrast, Claimant stated in the questionnaire that he did *not* make those statements and did *not* refuse to take the test, but the Commission resolved that credibility dispute in favor of Employer, not Claimant.

Because the records Employer submitted were probative in resolving the dispute about whether Claimant refused to take the drug test, and Claimant did not object when

5

Employer submitted them to the Appeals Tribunal, the Commission did not err in relying on them in finding that Claimant refused to take the drug test.

Point 1 is also denied, and the ruling of the Commission that Claimant was not eligible for unemployment benefits due to misconduct connected with work is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS